**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-60-DLB**

**DIMITRI S. WOLF, a/k/a IOKEPA KENNETH KIPI**                    **PLAINTIFF**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**COOKIE CREWS, et al.**                    **DEFENDANTS**

*** *** *** ***

Plaintiff Dimitri Wolf is an inmate confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky.  Wolf has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1).  The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Wolf indicates that he was found guilty of a prison disciplinary offense for theft and that various sanctions were imposed including the loss of 90 days of good conduct time.  *See* (Doc. # 1-2 at 1-2, 18-19).  Wolf complains that during their investigation and prosecution, various officers did not follow unspecified procedures or

1

relied upon insufficient evidence to conclude that he was guilty. *See* (Doc. # 1 at 2, 5-6). Invoking a disparate array of prison policies and federal and state constitutional provisions for his claims, Wolf seeks damages, expungement of his disciplinary conviction, restoration of his lost good conduct time, reduction of his criminal sentence, and transfer to a prison in Great Britain. *See* (Doc. # 1 at 7, 11-12).

The Court will dismiss the complaint, without prejudice at this juncture, because events resulting in a prisoner's loss of good time credits cannot provide the foundation for a constitutional claim under Section 1983 if success on the civil claim would undermine the validity of an underlying and extant disciplinary conviction. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Denham v. Shroad*, 56 F. App'x 692, 693 (6th Cir. 2003) ("A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction."); *Smith v. Corr. Corp. of Am.*, 5 F. App'x 443, 445 (6th Cir. 2001) ("A challenge to the procedures used in a prison disciplinary hearing is not cognizable under § 1983 if a judgment in favor of the prisoner would imply that the prisoner's conviction and punishment was invalid."). Here, Wolf directly challenges the evidentiary sufficiency behind his disciplinary convictions and the procedures used to obtain them, necessitating dismissal of his damages claims at this time. *Olivier v. City of Brandon, Mississippi*, 146 S. Ct. 916, 924 (2026) (*citing Balisok*). Nor can Wolf obtain earlier release from custody in this civil rights proceeding. *See id*. (*citing Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

Accordingly, it is **ORDERED** as follows:

1.      The complaint, (Doc. # 1), is **DISMISSED** without prejudice.

2.      This matter is **STRIKEN** from the docket.

2

This 20th day of April, 2026.



**Signed By:**

*David L. Bunning*

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Wolf 0-26-60 Opinion.docx